UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DONNY L. LESTER** | **CIVIL ACTION NO. 12-2938-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN SUMLIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

Donny L. Lester ("Plaintiff") filed a civil rights complaint against Warden Sumlin, the Claiborne Parish Correctional Center, and the nursing staff. Plaintiff claims his civil rights were violated by prison officials while incarcerated at the Claiborne Parish Correctional Center in Homer, Louisiana.

Plaintiff filed a motion for preliminary injunction (Doc. 6). He claims that while incarcerated at the Jackson Parish Correctional Center, the staff intercepted his legal mail and removed his in forma pauperis form. As relief, Plaintiff seeks to have the staff at the Jackson Parish Correctional Center stop interfering with his legal mail.

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

In the instant case, Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the court refuses to grant a preliminary injunction as he is no longer incarcerated at the Jackson Parish Correctional Center. Thus, his claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the motion for preliminary injunction (Doc. 6) be **DENIED** as moot.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 25th day of July, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE